Morgan, J.
A. Rochereau & Co. held a' mortgage against certain real estate owned by William Bobb. The real estate consisted in several' adjoining tracts of land, situate-in the parish of Jefferson, operated, principally, as a brickyard and sawmill. The mortgage, in terms, covered the buildings, improvements and appurtenances thereunto belonging.
William Bobb died. His widow, as widow in community, legatee and testamentary executrix, represented in part his estate.
Rochereau & Co. proceeded against her in her representative capacity, and caused the property mortgaged to he seized.
According to the inventory made by the sheriff, he took possession, as having been seized in the suit, of two patent brick machines, with boiler, engine, supply pumps, etc.; two sand sifters, four tempering 42 *658 wheels, sand boxes, fifty-three brick molds, a number of brick boards, a number of broken wheelbarrows, a number of racks and clapboards, one wooden.pump, ten iron-wheel brick trucks, three carts with wheels attached, nineteen cart bodies, a number of cart wheels, a lot of harness, a lot of doubletrees, one feed box, a spring scale, a grindstone, one windlass, a lot of blacksmith’s tools, anvil, bellows, etc.; two crowbars, a lot of carpenter’s tools, workbench, etc.; one corn mill, a lot of agricultural implements; a sawmill, with two boilers, engine saw, framed carriages, saws, rollers, belts, cars, pumps, etc.; a dredgeboat, with the machinery and apparatus thereof.
The tracts and parcels of land, “ together with all and singular the buildings and improvements thereon and appurtenances thereof,” were advertised for sale, in obedience to the order of seizure. The land was subdivided according to law. Appraisers were appointed on one side and on the other, to value the property which was about to be sold, and the articles above enumerated were estimated, each article upon the lot of ground upon which it was found. The property was sold, and Albin Rochereau became the purchaser thereof. His deed of sale, from the sheriff, recites the articles which we have detailed.
Subsequently, Charles Bobb, one of the executors of William Bobb, applied for and obtained an order to sell the above described property as belonging to the succession. Plaintiff enjoined the sale on the ground that the property seized belongs to him.
The district judge maintained the injunction, except in so far as the steam dredgeboat and machinery, the cornmill and stone, the tools in the blacksmith shop, the oil tank and the contents of the toolhouse. Rochereau appeals. Defendant asks for an amendment of the judgment in his favor.
Considering that the property in litigation was found on the premises seized ; that it was all used in carrying out the industry to which the real estate was subjected; that the carpenter’s tools and blacksmith’s tools were used as implements for carrying on the industry to which the land was subjected; and considering that the property in dispute was seized, advertised, appraised and sold as subject to the mortgage of A. Rochereau & Co., and that at the sale thereof Albin Rochereau became the purchaser thereof, we are of opinion that he acquired title to the same; that it was improperly advertised for sale as the property of the succession of Bobb, and that plaintiff’s injunction should have been perpetuated m toto.
It is therefore ordered, adjudged and decreed that the judgment of the district court be amended, and that the injunction issued by the said court be reinstated and perpetuated in toto, and that defendant .pay costs in both courts.